1  KAMALA D. HARRIS
   Attorney General of California
2  JOHN P. DEVINE
   Supervising Deputy Attorney General
3  TROY B. OVERTON
   Deputy Attorney General
4  State Bar No. 171263
    455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
    Telephone:  (415) 703-5516
6   Fax:  (415) 703-5480
    E-mail:  Troy.Overton@doj.ca.gov
7  *Attorneys for Defendant State of California, acting*
   *by and through the California Highway Patrol*
8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12

| | |
|---|---|
| 13 | |
| 14 **MONTEREY BAY CONFEDERATION OF CLUBS; LYLE FLEMING; STEVE VERHAGEN,** | **CV13-1231 LHK** |
| 15 | **DEFENDANT CALIFORNIA HIGHWAY PATROL'S NOTICE OF MOTION AND MOTION TO DISMISS;** |
| 16                                    Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 17               v. | Date:          December 19, 2013 |
| 18 **CITY OF SANTA CRUZ; COUNTY OF SANTA CRUZ; MARIO SULAY; GIL** | Time:          1:30 p.m. Courtroom:   8 |
| 19 **BLANCO, CITY OF CAPITOLA; CITY OF SCOTTS VALLEY; CITY OF** | Judge:         The Honorable Lucy H. Koh Trial Date:     None |
| 20 **WATSONVILLE; CALIFORNIA HIGHWAY PATROL; TWENTY** | Action Filed:  July 30, 2013 |
| 21 **UNKNOWN SANTA CRUZ, CAPITOLA, SCOTTS VALLEY, WATSONVILLE,** | |
| 22 **COUNTY AND/OR STATE DEPUTIES AND/OR OFFICERS AND OTHER** | |
| 23 **EMPLOYEES,** | |
| 24                              Defendants. | |

25

26     TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

27     PLEASE TAKE NOTICE that on December 19, 2013 at 1:30 p.m. before the Honorable

28  Lucy H. Koh, United States District Judge, in Courtroom 8 of the above-entitled court, located at

                                    1

1  280 South First Street, 4th Floor, San Jose, California, Defendant State of California, acting by

2  and through the California Highway Patrol, will and hereby does move this Court to dismiss all

3  claims for relief against the California Highway Patrol pursuant to Rules 12(b)(1) and 12(b)(6) of

4  the Federal Rules of Civil Procedure.  This motion is made on the grounds that federal court

5  claims against the State of California and its instrumentalities and agencies are barred by the

6  Eleventh Amendment to the United States Constitution and thus, all Claims for Relief in

7  plaintiffs' First Amended Complaint fail to establish subject matter jurisdiction and fail to state

8  claims in which relief can be granted against the California Highway Patrol.

9       This motion is and shall be based upon this notice of motion and motion, the accompanying

10  memorandum of points and authorities, all pleadings and papers on file in the matter herein, and

11  upon such matters as may be presented to the Court at the time of hearing.

12  Dated:  August 22, 2013           Respectfully submitted,

13                KAMALA D. HARRIS
              Attorney General of California

14                JOHN P. DEVINE
              Supervising Deputy Attorney General

15

16

17                /s/
              TROY B. OVERTON

18                Deputy Attorney General
              *Attorneys for Defendant State of California,*

19                *acting by and through the California*
              *Highway Patrol*

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In their First Amended Complaint, Plaintiffs bring suit for alleged violation of civil rights during an April 10, 2011 charity motorcycle event held in Santa Cruz (Plaintiff's First Amended Complaint ("FAC") 5:11 to 9:16).  Plaintiffs name the California Highway Patrol as one of the defendants in this action.  However, federal court claims against the State of California and its instrumentalities and agencies are barred by the Eleventh Amendment to the United States Constitution and thus, plaintiff's claims for relief against the California Highway Patrol should be dismissed with prejudice.  Moreover, the California Highway Patrol is not a "person" within the meaning of section 1983 and, thus, is not subject to suits for damages under section 1983.  Thus, the issue to be decided by this motion is whether plaintiffs' federal court claims against the California Highway Patrol are barred by the Eleventh Amendment to the United States Constitution and whether all of plaintiffs' claims against the California Highway Patrol should be dismissed.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs bring suit for an alleged violation of civil rights during an April 10, 2011 charity motorcycle event held in Santa Cruz (Plaintiff's First Amended Complaint ("FAC"), 5:11 to 9:16).  Plaintiffs, who include a motorcycle club and two individuals, allege that officers from multiple law enforcement agencies, including Defendant California Highway Patrol, were involved in an orchestrated attempt to stop, detain, arrest, examine, and search every motorcycle club member who attended this event (FAC, 2:26 to 3:15; 5:13-22).  Plaintiffs contend that defendants' actions violated their civil rights (FAC, 9:17 to 12:23).

On July 30, 2013, plaintiffs filed a First Amended Complaint alleging two claims for relief against all named defendants, including the California Highway Patrol, as follows:

1st Claim:  Violation of Civil Rights (42 U.S.C. § 1983), Fourth and Fourteenth Amendment (unlawful search, seizure, detention, and arrest); and

3

2nd Claim:  Violation of Constitutional Right to Due Process and Freedom of Association (42 U.S.C. § 1983 and § 1988) (Due Process Clause of the Fourteenth Amendment to the Unites States Constitution).

### III.    FEDERAL COURT JURISDICTION OVER THE CLAIMS AGAINST THE STATE OF CALIFORNIA AND ITS ENTITIES IS BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment provides that:

> "[T]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state . . . ."
> U.S. Const. Amend. XI.

The Eleventh Amendment bars suits which seek either damages or injunctive relief, even by a State's own citizens, against a state, an arm of the state, its instrumentalities or its agencies. *See, e.g. Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that claims against the California Department of Corrections were barred by immunity); *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)(noting that the Eleventh Amendment bars "federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant").  Federal courts have consistently held that the California Highway Patrol is an "arm of the state" for purposes of the Eleventh Amendment, and is thus cloaked in California's sovereign immunity.  *See e.g. McCain v. Cal. Highway Patrol*, 2011 WL 3439225, at *3 (E.D. Cal. Aug. 4, 2011); *Oremus v. Cal. Highway Patrol*, 2010 WL 2817072, at *1-2 (E.D. Cal. July 15, 2010); *May v. Cal. Highway Patrol*, 2010 WL 234868, at *1 (N.D. Cal. Jan, 14, 2010); *Townsend v. California* 2010 WL 1644740, at *6 (E.D. Cal. April 21, 2010); *Vierra v. Cal. Highway Patrol*, 644 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009).  Absent a waiver, the State and its agencies are immune under the Eleventh Amendment from private actions in federal court.  *See Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1195 (9th Cir. 2005).

Claimed incursions into federal constitutional rights can only be vindicated through the statutory remedy provided in 42 U.S.C. § 1983.  *Monroe v. Pape*, 365 U.S. 167 (1961); *Mitchum v. Foster*, 407 U.S. 225 (1972).  "Section 1983 is not itself a source of substantive rights, but

4

1   merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*,

2   510 U.S. 266 (1994) (citations and internal quotations omitted).

3   The United States Supreme Court has held that a state, as well as state entities, are not

4   "persons" within the meaning of section 1983 and, thus, are not subject to suit for damages under

5   section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Gilbreath v.*

6   *Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). Therefore, neither the State of

7   California nor any of its instrumentalities or agencies can be sued under 42 U.S.C. § 1983 in

8   either federal or state court.

9   The Eleventh Amendment also precludes a plaintiff from bringing pendent state-law claims

10   against a state official in federal court. *Pennhurst State School & Hospital v. Halderman*, 465

11   U.S. 89, 106, 121 (1984). Adhering to the Supreme Court's holding in *Pennhurst*, Ninth Circuit

12   courts have dismissed, on Eleventh Amendment grounds, pendent state-law claims brought

13   against state defendants in federal court. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320,

14   1327 (9th Cir. 1991); *Ulaleo v. Paty*, 902 F.2d 1395, 1400 (9th Cir. 1990).

15   Given the bar of Eleventh Amendment immunity, the California Highway Patrol requests

16   the dismissal of plaintiffs' 42 U.S.C. § 1983 claims against it and any and all pendent state-law

17   claims for relief in this action.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

**CONCLUSION**

2

For the aforementioned reasons, Defendant State of California, acting by and through the

3  California Highway Patrol, respectfully requests this Court grant its motion to dismiss all of

4  plaintiffs' claims for relief against the California Highway Patrol in this action.

5  Dated:  August 22, 2013                    Respectfully submitted,

6                                             KAMALA D. HARRIS
                                              Attorney General of California
7                                             JOHN P. DEVINE
                                              Supervising Deputy Attorney General
8

9                                                      /s/
                                              TROY B. OVERTON
10                                            Deputy Attorney General
                                              *Attorneys for Defendant State of California, acting*
11                                            *by and through the California Highway Patrol*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff California Highway Patrol's Notice of Motion and Motion to Dismiss; MPA in Support  (CV13-1231 LHK)