UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MONTEREY BAY CONFEDERATION OF CLUBS, *et al.*, | ) ) ) | Case No.: 13-CV-01231-LHK |
| Plaintiffs, | ) ) | ORDER GRANTING CALIFORNIA HIGHWAY PATROL'S MOTION TO DISMISS |
| v. | ) ) | |
| CITY OF SANTA CRUZ, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendant California Highway Patrol's ("CHP") Motion to Dismiss on Grounds of Eleventh Amendment State Sovereign Immunity. ECF No. 20. Plaintiffs Monterey Bay Confederation of Clubs, Lyle Fleming, and Steve Verhagen (collectively, "Plaintiffs") oppose the Motion, ECF No. 25, and CHP replies, ECF No. 26. Having considered the submissions of the parties and the relevant law, the Court GRANTS CHP's Motion to Dismiss with prejudice.

**I.   BACKGROUND**

Plaintiffs, a motorcycle club and two individuals, allege that on April 10, 2011, officers from various law enforcement agencies, including CHP, "set up an elaborate system . . . . to identify, photograph, detain, interrogate, and track any and all motorcycle riders" on their way to attend an "Easter Egg Basket Fundraising Event" organized by the Hells Angels. ("First Amended Complaint" or "FAC") ECF No. 10 ¶¶ 12, 14-15. Plaintiffs allege that the officers had no "probable cause or lawful reason" to stop the motorcycle riders and that the checkpoint violated

1

Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. *Id.* ¶¶ 19, 33-34, 39-40, 49. Plaintiffs seek damages pursuant to 42 U.S.C. §§ 1983 and 1988. *Id.* at 13.

Plaintiffs filed an Original Complaint on March 19, 2013, ECF No. 1, and a First Amended Complaint on July 30, 2013, ECF No. 10. Defendants County of Santa Cruz and Mario Sulay filed an answer on August 14, 2013. ECF No. 15. Defendant City of Watsonville filed an answer on August 20, 2013, ECF No. 17, and Defendants City of Capitola and City of Scotts Valley filed answers on August 21, 2013, ECF Nos. 18, 19. Plaintiffs voluntarily dismissed the City of Santa Cruz from the case on September 16, 2013. ECF No. 27.

CHP filed the instant Motion to Dismiss on August 22, 2013. ("Mot.") ECF No. 20. Plaintiffs opposed the Motion on September 5, 2013, ("Opp'n") ECF No. 25, and CHP replied on September 12, 2013, ("Reply") ECF No. 26.

## II. LEGAL STANDARDS

### A. State Sovereign Immunity

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *see also Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991) (Eleventh Amendment "bar[s] federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant"). This prohibition extends to suits against state agencies. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override . . . agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." (internal quotation marks omitted)). As numerous courts have recognized, the CHP is a state agency entitled to immunity under the Eleventh Amendment. *See, e.g.*, *McCain v. Cal. Highway Patrol*, No. 11-1265, 2011 WL 3439225, at *3 (E.D. Cal. Aug. 4, 2011); *May v. Cal. Highway Patrol*, No. 09-3460, 2010 WL 234868, at *1 (N.D. Cal. Jan. 14, 2010); *Vierria v. Cal. Highway Patrol*, 644 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009).

**B.     Leave to Amend**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    DISCUSSION

Plaintiffs do not contest that the Eleventh Amendment bars suit against CHP as an entity. *See* Opp'n at 5 ("Plaintiffs agree with Defendant[], that the CHP, as an entity, cannot ultimately be held liable because of the Eleventh Amendment."). Nevertheless, Plaintiffs contend that CHP should remain in the lawsuit "for the purpose of identifying, through discovery, the officers and/or other agents of the CHP involved" in the Easter Egg Basket Fundraising Event incident. *Id.* Plaintiffs do not offer, and the Court has not found, any authority to support Plaintiffs' position that an entity that is otherwise immune from suit may nevertheless be forced to participate in a lawsuit so that the plaintiff may obtain discovery. Nor have Plaintiffs explained why CHP's continued participation in this action is required in order for Plaintiffs to identify the individual CHP officers involved in the Easter Egg Basket Fundraising Event incident. *Cf. Allen v. Woodford*, 544 F. Supp. 2d 1074, 1079 (E.D. Cal. 2008) (Eleventh Amendment does not preclude discovery from a state agency "which can only be obtained through the State's custodians of records or from other employees having custody and control of the information or documents sought"); *Todd v. Lamarque*, No. 03-3995, 2007 WL 2043853, at *1 & n.3 (N.D. Cal. July 12, 2007) (state agency may not resist subpoena for records related to plaintiff's case on Eleventh Amendment grounds).

1	Because the Eleventh Amendment bars Plaintiffs' claims against CHP, the Court GRANTS
2	CHP's Motion to Dismiss. Because Plaintiffs claims against CHP are foreclosed as a matter of law,
3	the Court concludes that amendment to the FAC would be futile. The Court therefore dismisses all
4	claims against CHP with prejudice. *See Carvalho*, 629 F.3d at 892-93.

**IT IS SO ORDERED.**

Dated: December 19, 2013

_____
LUCY H. KOH
United States District Judge